# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **GARY WILSON** | **CASE NO. 6:25-CV-00918** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **NORTHGATE CAJUN PALMS LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Pursuant to the Court's Order granting his Motion for Leave to File Amended Complaint (Rec. Doc. 32), Plaintiff amended his Complaint to name Amanda Baudoin and Travis Baudoin as additional defendants (Rec. Doc. 33). Because the newly added defendants are non-diverse, the Court lacks subject matter jurisdiction. See discussion in Rec. Doc. 32. The Court therefore recommends that the matter be remanded to state court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 15th day of January, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE